**Quintin G. Shammam, Esq. (SBN. 246926)**
**LAW OFFICES OF QUINTIN G. SHAMMAM**
2221 Camino Del Rio South, Ste. 207
San Diego, California 92108
Tel: (619) 444-0001
Fax: (619) 501-1119

Attorney for PLAINTIFF
KATHLEEN SILVA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SILVA, | Case No.: '11CV2387 L    BLM |
| Plaintiff, | **Complaint for Damages** |
| vs. | |
| CAPITAL MANAGEMENT SERVICES, LP, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-1-

COMPLAINT

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Kathleen Silva, ("Plaintiff"), through her attorney, brings this action to challenge the actions of Capital Management Services, LP, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendant does business within the State of California, County of San Diego, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-2-

COMPLAINT

## ///PARTIES

11. Plaintiff is a natural person who resides in the City of Lakeside, County of San Diego, State of California and is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. § 1692a(3) and 1692k.

12. Defendant is a Delaware Limited Partnership with a principal business location of 726 Exchange Street, Suite 700, Buffalo, New York who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

17. At all times relevant, Defendant conducted business within the State of California.

18. Sometime before September 8, 2011, Plaintiff allegedly incurred a financial obligations that were primarily for personal, family or household purposes, that went into default for late payment, and was therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a two Discover Bank credit cards ("Debt").

19. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

20. Before September 8, 2011 Plaintiff allegedly fell behind in the payments allegedly owed on the alleged Debt. Plaintiff currently takes no position as to the validity of this Debt.

21. Subsequently, but before September 8, 2011, the Debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about September 8, 2011, Defendant's employee, Ms. Belcher, telephoned Plaintiff at her place of employment twice. Plaintiff informed Ms. Belcher that she had an attorney, to speak with him regarding the Debt and to not call her at her place of employment. Ms. Belcher told Plaintiff that she could not speak to her attorney regarding the Debt.

23. These telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

24. These telephone calls were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

25. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

26. Through this conduct, Defendant contacted a consumer at her place of employment, a place which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

27. Through this conduct, Defendant contacted a consumer that was represented by an attorney while Defendant knew the consumer was represented by an attorney. Consequently, Defendant violated 15 U.S.C. § 192c(a)(2).

28. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

29. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

30. On or about September 13, 2011, Defendant's employee, Ms. Belcher, called Plaintiff at her place of employment in regards to the Debt. Plaintiff again told her not to call her at her place of employment and to contact her attorney. Ms. Belcher told her she did not have to contact her attorney and that the calls would continue.

31. This telephone call to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32. This telephone call was "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

33. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Through this conduct, Defendant contacted a consumer at her place of employment, a place which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

35. Through this conduct, Defendant contacted a consumer that was represented by an attorney while Defendant knew the consumer was represented by an attorney. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

36. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

37. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

38. On or about September 21, 2011, Defendant's employee, Ms. Belcher, called Plaintiff at her place of employment in regards to the Debt. Plaintiff again told her not to call her at her place of employment and hung up. Ms. Belcher called back and left a voicemail for Plaintiff at her place of employment.

39. This telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

40. These telephone calls were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

Law Offices of Quintin G. Shammam

Tel (619) 444-0001
Fax (619) 501-1119

**COMPLAINT**

41. Through this conduct, Defendant contacted a consumer at her place of employment, a place which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

42. Through this conduct, Defendant contacted a consumer that was represented by an attorney while Defendant knew the consumer was represented by an attorney. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

43. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

45. On September 28, 2011 an unknown male employed by Defendant called Plaintiff at her place of employment. Plaintiff informed Defendant that she was not to be called at her palace of employment.  Defendant replied that he knew that but just needed to update his file.

46. This telephone call to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

47. The telephone call was "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

48. Through this conduct, Defendant contacted a consumer at her place of employment, a place which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

49. Through this conduct, Defendant contacted a consumer that was represented by an attorney while Defendant knew the consumer was represented by an attorney. Consequently, Defendant violated 15 U.S.C. § 192c(a)(2).

50. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

51. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection

-6-

**COMPLAINT**

Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

## CAL. CIV. CODE §§ 1788-1788.32

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

57. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

///

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-7-

COMPLAINT

## COUNT III

### INVASION OF PRIVACY

### INTRUSION INTO PRIVATE AFFAIRS

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. Plaintiff had a reasonable expectation of privacy while some of the above conduct took place.

60. Defendant intentionally intruded into this expectation of privacy.

61. Defendant intrusion would be highly offensive to a reasonable person.

62. Plaintiff was harmed.

63. The conduct of Defendant was a substantial factor in causing Plaintiff this harm.

### TRIAL BY JURY

64. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30( c);
- Special, general, compensatory and punitive damages;
- For such other relief as may be just and proper.

Dated:   10/13/2011            By:     s/ Quintin G. Shammam
                                Quintin G. Shammam, Attorney for Plaintiff
                                KATHLEEN SILVA

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-8-

**COMPLAINT**

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATHLEEN SILVA

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: SAN DIEGO, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle County, DE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'11CV2387 L    BLM

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Quintin Shammam, 2221 Camino Del Rio S, Ste 207, San Diego, CA 92108 619-444-0001

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Sec 1692 et seq

Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,001.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/13/2011
SIGNATURE OF ATTORNEY OF RECORD: s/ Quintin G. Shammam

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE